UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENYON C. CARRUTHERS,

    Petitioner,

    v.                                       CAUSE NO.: 3:20-CV-1016-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Kenyon Carruthers, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

Although Mr. Carruthers purports to be challenging a 2016 conviction for criminal confinement arising out of Elkhart County, all of his claims pertain to the conditions of his confinement at Indiana State Prison. Specifically, he claims that the warden of Prison has shown "deliberate indifference to his health and safety causing a condition of confinement that is sure or very likely to cause serious illness" by failing to adopt proper precautions to stop the spread of COVID-19 within the prison.

A habeas corpus petition under 28 U.S.C. § 2254 can only be used to challenge the fact or duration of an inmate's custody. *See* 28 U.S.C. § 2254(a) (authorizing issuance of writ of habeas corpus where state prisoner

demonstrates he is "in custody . . . in violation of the Constitution or laws or treaties of the United States"); Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009) ("[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254[.]"). Mr. Carruthers doesn't raise any claim about the validity of his state conviction, and instead asserts Eighth Amendment claims related to the conditions of his confinement. Conditions of confinement must be challenged through a civil rights action under 42 U.S.C. § 1983.[1] See Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011) ("[H]abeas corpus is not a permissible route for challenging prison conditions."); Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003) ("For prisoners, the difference between a civil rights action and a collateral attack is easy to describe. Challenges to conditions of confinement . . . fall under § 1983. Attacks on the fact or duration of confinement come under § 2254.").

The court will dismiss this petition without prejudice. Mr. Carruthers is free to assert his claims in a civil rights complaint, should he choose to do so, subject to the usual constraints of the Prison Litigation Reform Act.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters

---

[1] Among other relief, Mr. Carruthers seeks release from custody due to the alleged unconstitutional conditions. Release from custody is appropriately sought under the habeas statute, Preiser v. Rodriguez, 411 U.S. 475, 488 (1973), but Mr. Carruthers doesn't present any cognizable basis for ordering his release under 28 U.S.C. § 2254. Washington v. Smith, 564 F.3d at 1351. Additionally, release from custody isn't an appropriate remedy for an Eighth Amendment violation pertaining to conditions of confinement. Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005) ("[A] habeas corpus petition would be proper if release were among the possible remedies for an Eighth Amendment deliberate indifference claim. Unfortunately for [petitioner], it is not."). Instead, appropriate remedies for an Eighth Amendment conditions claim include damages or injunctive relief aimed at ameliorating the alleged unconstitutional condition. Id.

a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). As already explained, Mr. Carruthers's claims pertain to the conditions of his confinement, rather than the fact or duration of his custody, and must be challenged in an action under 42 U.S.C. § 1983. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage him to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

For the reasons set forth above, the petition (ECF 1) is DISMISSED WITHOUT PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The petitioner is DENIED a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED on December 15, 2020

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT